# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ARLINGTON RING, <br><br> Petitioner, <br><br> v. <br><br> BRADON PRICE, <br><br> Respondent. | Case No. 1:19-cv-00878-AWI-EPG-HC <br><br> FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Andrew Arlington Ring is a state civil detainee proceeding *pro se* with a petition for writ of habeas corpus. Given that the instant petition challenges conditions of confinement and thus, is not cognizable in federal habeas corpus, the undersigned recommends that the petition be dismissed without prejudice to refiling the claims in an action under 42 U.S.C. § 1983 and the Americans with Disabilities Act.

**I.**

**DISCUSSION**

**A. Federal Habeas Corpus Jurisdiction**

The federal habeas statute provides that a district court may entertain a habeas application by a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). A claim is cognizable in federal habeas corpus when a petitioner challenges "the fact or duration of his confinement" and "seeks either immediate

1

release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a petitioner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

In Ground One of the petition, Petitioner alleges that officials have refused to allow Richard Scott Kindred to request Petitioner's Health Information Medical Department chart review, in violation of Petitioner's Fifth and Fourteenth Amendment rights.[1] (ECF No. 1 at 3–5).[2] In Ground Two of the petition, Petitioner asserts violations of the Americans with Disabilities Act ("ADA"). (ECF No. 1 at 3). Petitioner alleges that an optometrist suggested "glasses that had transsion lenses" might help with the extreme pain and headaches from the lights at the hospital, but that Petitioner would have to pay for them himself. Petitioner further alleges that he requested the optometrist to order said glasses so that if the hospital declined to pay for them, then Petitioner would have a decision to appeal, but that the optometrist refused. (ECF No. 1 at 3, 6).

Petitioner does not challenge any aspect of his underlying judgment of commitment or the fact or duration of his confinement. The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). As Petitioner's claims do not fall within "the core of habeas corpus," Preiser, 411 U.S. at 487, they must be brought under 42 U.S.C. § 1983. Nettles, 830 F.3d at 931. Accordingly, Petitioner has failed to state a cognizable claim for federal habeas corpus relief.

The Court further notes that the petition submitted to the Court was completed and signed by Mr. Kindred instead of Petitioner. "'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990) (citing United States ex rel.

---

[1] Due to the fact that Petitioner has been found to be legally blind, Petitioner completed a power of attorney form so that Mr. Kindred could: (1) have access to Petitioner's charts, including the ability to perform chart reviews, and to request and receive copies of documents therefrom; and (2) accompany Petitioner to appointments so Mr. Kindred is aware of medical tests and any outside appointment results. (ECF No. 1 at 3, 11–12).
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

Toth v. Quarles, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163. In order to establish standing, the next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Whitmore, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

Next friend standing has not been established because it is unclear whether Mr. Kindred "is truly dedicated to the best interests of" Petitioner. Whitmore, 495 U.S. at 163. However, whether Mr. Kindred can establish next friend standing is immaterial at this juncture because Petitioner's claims are more appropriately raised in an action under 42 U.S.C. § 1983 and the ADA.

**B. Conversion to § 1983 Civil Rights Action**

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and civil actions differ in a variety of respects, such as the proper defendants, filing fees, and exhaustion requirements. Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

The undersigned finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983. The petition names the executive director of the Department of State Hospitals – Coalinga as Respondent and thus, does not name the correct defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

3

## II.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ of habeas corpus be dismissed without prejudice to refiling the claims in an action under 42 U.S.C. § 1983 and the ADA.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 9, 2019**　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE