# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ARLINGTON RING,<br><br>Petitioner,<br><br>v.<br><br>BRADON PRICE,<br><br>Respondent. | Case No. 1:19-cv-00878-AWI-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 8) |

Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant. On September 9, 2019, the Magistrate Judge issued Findings and Recommendation recommending the petition be dismissed without prejudice to refiling the claims in a civil rights action under 42 U.S.C. § 1983 and the Americans with Disabilities Act. (ECF No. 8). This Findings and Recommendation was served on Petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of that order. To date, Petitioner has filed no objections, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendation.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). In the present case, reasonable jurists would not find the Court's determination that Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on September 9, 2019 (ECF No. 8) is ADOPTED IN FULL;

2. The petition for writ of habeas corpus is DISMISSED without prejudice to refiling the claims in a civil rights action under 42 U.S.C. § 1983 and the Americans with Disabilities Act;

3. The Clerk of Court is DIRECTED to CLOSE the case; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   March 13, 2020

_____
SENIOR  DISTRICT  JUDGE